AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| Eastern | District of | Pennsylvania |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| CURT ARBITMAN | Case Number: DPAE2:10CR000621-001 |
| | USM Number: |
| | Arnold Silverstein, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:1962(d) | RICO conspiracy. | 9/23/2010 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/18/14 mailed
F. Labor
A. Silverstein, Esq.
U.S. Marshal
U.S. Probation
U.S. Pretrial
FLU
Fiscal

June 18, 2014
Date of Imposition of Judgment

_____
Signature of Judge

Eduardo C. Robreno, United States District Judge
Name and Title of Judge

6/18/14
Date

DEFENDANT: CURT ARBITMAN
CASE NUMBER: DPAE2:10CR000621-001

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 YEARS.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CURT ARBITMAN  
CASE NUMBER: DPAE2:10CR000621-001

# ADDITIONAL PROBATION TERMS

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The defendant may not associate directly or indirectly, with any current or former member of the Philadelphia La Cosa Nostra indicated on Exhibit A attached to this Judgment and Commitment Order, or any other criminal enterprise.

DEFENDANT: CURT ARBITMAN
CASE NUMBER: DPAE2:10CR000621-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 4,000.00 | $ 0.00 |

☐ The determination of restitution is deferred ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CURT ARBITMAN
CASE NUMBER: DPAE2:10CR000621-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __4,100.00__ due immediately, balance due

    ☐ not later than _____ , or
    X  in accordance    ☐ C,   ☐ D,   ☐ E, or   X F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

The fine and special assessment are due immediately and shall be paid within 30 days of the date of this judgment.

The defendant shall notify the U.S. Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
The sum of $600,000.00 and the 86 electronic gambling devices which are listed in Exhibit B attached to this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



RESTRICTED ASSOCIATION LIST FOR DEFENDANT CURT ARBITMAN

1. Ralph Abbruzzi
2. Anthony Accardo
3. Martin Angelina
4. Louis Barretta
5. Gary Battaglini
6. George Borgesi
7. Damion Canalichio
8. Vincent Centorino
9. John Ciancaglini
10. Joseph Ciancaglini, Sr.
11. Joseph Ciancaglini, Jr.
12. Nicholas Cimino
13. Daniel D'Ambrosia
14. Eric Esposito
15. Louis Fazzini
16. Vincent Filipelli
17. Steven Frangipani
18. Dominic Grande
19. Joseph Grande
20. Salvatore Wayne Grande
21. Francis Iannarella, Jr.
22. Charles Iannece, Sr.
23. Michael Lancellotti
24. Joseph Licata

25. Joseph Ligambi
26. Gaeton Lucibello
27. Angelo Lutz
28. Jack Manfredi
29. Vincent Manzo
30. Joseph Massimino
31. Salvatore Mazzone
32. Steven Mazzone
33. Joseph Merlino
34. Louis Monacello
35. Frank Narducci, Jr.
36. Phillip Narducci
37. Anthony Nicodemo
38. Anthony Pungitore, Jr.
39. Joseph Pungitore
40. Robert Ranieri
41. Christian Salvo
42. David Salvo
43. Michael Salvo
44. Nicodemo Scarfo, Sr.
45. Nicodemo Scarfo, Jr.
46. Stephen Sharkey
47. Anthony Staino
48. Ralph Staino, Jr.
49. Robert Verrecchia

50. Raymond Wagner

51. Edward Wagner

(A) 86 electronic gambling devices, including:

(1) two Dodge City video poker machines and one New Fruit Bonus video slot machine seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from the Broadway Theatrical Club, 2529 South 13th St., Philadelphia, Pennsylvania;

(2) two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Cheech's Beef & Ale, 2654 South 12th Street, Philadelphia, Pennsylvania;

(3) two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from East End Tavern/Vacarelli's, 400 Cresson Street, Philadelphia, Pennsylvania;

(4) two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Fatso Fogarty's, 2655 South 18th Street, Philadelphia, Pennsylvania;

(5) three Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from McKenna's Pub, 153 Snyder Avenue, Philadelphia, Pennsylvania;

(6) two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Shamrock Pub, 1400 South 2nd Street, Philadelphia, Pennsylvania;

(7) two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Spanky's Pub, 4630 Umbria Street, Philadelphia, Pennsylvania;

(8) thirty-two Dodge City video poker machines seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Ace Vending warehouse, 824-826 Mountain Street, Philadelphia, Pennsylvania;

(9) one Casino game video poker machine seized by Commonwealth of Pennsylvania law enforcement officers on or about September 16, 2009 from Ace Vending warehouse, 824-826 Mountain Street,

      Philadelphia, Pennsylvania;

(10) two Merit table-top video poker machines seized by federal law enforcement officers on or about June 1, 2006 from the First Ward Republican Club;

(11) one Dodge City video poker machine seized by federal law enforcement officers on or about June 1, 2006 from the First Ward Republican Club;

(12) eleven Dodge City video poker machines, one Tabletop Dodge City machine, one Draw Poker machine, one Table Top video machine seized by federal law enforcement officers on or about April 9, 2001 from Ace Vending Warehouse, 824-826 Mountain Street, Philadelphia, Pennsylvania;

(13) four Cherry Master video machines seized by federal law enforcement officers on or about April 9, 2001 from Terry's Variety, 10th & McKean St., Philadelphia, Pennsylvania;

(14) one Dodge City video poker machine seized by federal law enforcement officers on or about April 9, 2001 from J & M Variety, 1740 S. 9th St., Philadelphia, Pennsylvania;

(15) one Dodge City video poker machine, one "video" electronic gambling machine, and one Cherry Master machine seized by federal law enforcement officers on or about April 9, 2001 from Café Napoli, 1427 W. Passyunk Ave., Philadelphia, Pennsylvania;

(16) four Cherry Master machines and one Dodge City video poker machine seized by federal law enforcement officers on or about April 9, 2001 from Vic's Coffee Shop, 1600 S. 8th St., Philadelphia, Pennsylvania;

(17) two Dodge City machines seized by federal law enforcement officers on or about April 9, 2001 from Bay's, 1012 S. 9th St., Philadelphia, Pennsylvania;

(18) one Dodge City machine seized by federal law enforcement officers on or about April 9, 2001 from Whiskey Dick's, 4630 Umbria St., Manayunk, Pennsylvania;

(19) two Dyna Cherry Master machines seized by federal law enforcement officers on or about April 9, 2001 from Santa Fe Club, 2026 S. Hutchinson St., Philadelphia, Pennsylvania; and

(20)  two Dodge City machines seized by federal law enforcement officers on or about April 9, 2001 from Matteo's Cuccina, 1900 W. Passyunk Ave., Philadelphia, Pennsylvania; and

3